# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JENNIFER PRATTS,

    Plaintiff,

        v.

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

NO. 3:16-CV-2385

(JUDGE CAPUTO)

## MEMORANDUM

Presently before me is the Motion to Dismiss and/or Strike (Doc. 6) filed by Defendant State Farm Fire and Casualty Company ("Defendant" or "State Farm"). Plaintiff Jennifer Pratts ("Plaintiff" or "Pratts") commenced this action asserting claims for breach of contract, statutory bad faith, negligence, and vicarious liability as a result of Defendant's conduct after Plaintiff made a claim under the terms of a homeowners insurance policy issued by Defendant. Defendant moves to dismiss the breach of contract, negligence, and vicarious liability claims and to strike a number of allegations from the Complaint. Because Plaintiff fails to state negligence or vicarious liability claims upon which relief can be granted, Defendant's Motion to Dismiss will be granted in part. However, Plaintiff's breach of contract claim will not be dismissed because Plaintiff adequately pleads a contract cause of action. Furthermore, because some, but not all, of the allegations Defendant seeks to strike are immaterial and/or impertinent, Defendant's Motion to Strike will be granted in part and denied in part.

## I. Background

The facts as alleged in Plaintiff's Complaint are as follows:

Plaintiff owns residential property located at 303 Players Court, East Stroudsburg, Pennsylvania (the "Property"). (*See* Doc. 1, Ex. 1, ¶ 4). Defendant issued a homeowners insurance policy (the "Policy") to Plaintiff for the Property. (*See id*. at ¶ 5).

On June 31, 2014, Plaintiff entered into a listing contract with a real estate agent for the sale

of the Property. (*See id*. at ¶ 7). Plaintiff relocated to New York in August 2014. (*See id*. at ¶ 9). Plaintiff instructed the real estate agent to maintain the thermostat for the Property between 50 and 55 degrees Fahrenheit, and she informed the agent that the Property was heated with propane. (*See id*. at ¶ 11). In October 2014, Plaintiff accepted an offer to sell the Property for $275,000.00; however, certain modifications had to be completed prior to closing. (*See id*. at ¶¶ 12, 15).

In March 2015, the real estate agent inspected the Property and realized the water pipes had burst, causing significant damage to the home. (*See id*. at ¶ 17). The real estate agent noted that the propane tank was not empty, but the thermostat had been turned off. (*See id*. at ¶¶ 17-18). The real estate agent immediately reported the claim to Defendant. (*See id*. at ¶ 19).

A small claims adjuster sent to the Property by Defendant on March 14, 2015 estimated the damage to exceed $100,000.00. (*See id*. at ¶ 21). A second adjuster sent to the Property by Defendant approximated the loss to be $80,000.00. (*See id*. at ¶ 22). The second adjuster also suggested that the Property was sabotaged. (*See id*.). Plaintiff, though, had no reason to sabotage the Property because she had purchased the home for $223,000.00, $200,000.00 was left on the mortgage, and the Property was under contract to be sold for well above these sums. (*See id*. at ¶ 23). Despite the damage, the buyer was willing to proceed with the purchase provided the home was repaired. (*See id*. at ¶ 24).

Defendant sent correspondence to Plaintiff on March 20, 2015 indicating that there were questions about Defendant's coverage obligations under the Policy, and, further, requesting documentation that heat had been maintained in the Property prior to the loss. (*See id*. at ¶ 25). Plaintiff timely responded with confirmation that propane deliveries had been made up until the month the damage was discovered and that the tank contained propane at the time of the loss. (*See id*. at ¶ 26). Plaintiff also provided documentation from the water company demonstrating that there was an excessive amount of water used at the Property in February 2015 which compelled the water company to unilaterally shut off water service. (*See id*. at ¶ 27). Plaintiff received additional correspondence from Defendant in April 2015 indicating that Defendant referred the claim to its fraud unit. (*See id*. at ¶¶ 27-28).

Plaintiff provided information to Defendant's fraud unit adjuster in a recorded statement on

2

May 8, 2015. (*See id*. at ¶¶ 29-33). A few days later, the fraud unit adjuster contacted Plaintiff requesting additional information, including, *inter alia*, cell phone records and water company records. (*See id*. at ¶ 34). The fraud unit adjuster renewed this request numerous times over the next several months. (*See id*. at ¶¶ 35, 42). Defendant also scheduled an examination of Plaintiff under oath, which resulted in Plaintiff retaining counsel. (*See id*. at ¶¶ 37-40). During this time, the sale of the Property fell through and the home went into foreclosure proceedings. (*See id*. at ¶ 41).

In February and March 2016, Plaintiff's counsel requested numerous documents and materials from Defendant. (*See id*. at ¶¶ 43-44). Defendant, however, failed to provide much of the information requested. (*See id*. at ¶¶ 45-46). Defendant also continued its efforts to obtain information regarding Plaintiff's cell phone records, water company records, and financial information. (*See id*. at ¶¶ 47-48).

Plaintiff gave a second statement under oath on April 25, 2016. (*See id*. at ¶ 49). The information provided in that statement was the same as that given by Plaintiff on May 8, 2015. (*See id*.). Thereafter, Plaintiff's counsel requested appraisals from the two inspections Defendant had conducted of the Property, but Defendant refused. (See *id*. at ¶¶ 50-51).

On May 13, 2016, Defendant's fraud unit adjuster informed Plaintiff's counsel that the coverage questions had been resolved. (*See id*. at ¶ 52). Shortly thereafter, Defendant forwarded Plaintiff's counsel payment in the amount of $93,049.95, which Defendant contended represented the "net actual cash value" for the damage. (*Id*. at ¶ 54). Plaintiff responded by providing Defendant with a copy of a public adjuster's estimation of damages to be $155,785.00. (*See id*. at ¶ 55). Defendant then made an additional $17,460.25 payment to Plaintiff. (*See id*. at ¶ 56).

Based on the foregoing, Plaintiff commenced this action by way of the Complaint filed in the Lackawanna County Court of Common Pleas. (*See* Doc. 1, Ex. 1, *generally*). The Complaint asserts claims for breach of contract (Count I), statutory bad faith (Count II), negligence (Count III), and vicarious liability (Count IV). (*See id*.). Defendant removed the action to this Court. (*See* Doc. 1, *generally*).

On December 15, 2016, Defendant filed the instant Motion seeking dismissal of Plaintiff's breach of contract, negligence, and vicarious liability claims. (*See* Doc. 6, *generally*). Defendant also

3

seeks to have various allegations struck from Plaintiff's Complaint. (*See id.*, *generally*; *see also* Doc. 18, *generally*). The Motion to Dismiss and/or Strike is fully briefed and ripe for disposition.

## II. Discussion

As stated, Defendant moves to dismiss Plaintiff's claims in Counts I, III, and IV of the Complaint and to strike numerous allegations from the Complaint. (*See* Doc. 6, *generally*). The motion to dismiss will be addressed first.

**A.      Rule 12(b)(6) Motion to Dismiss.**

**1.      Legal Standard.**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of her claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *Id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement required by Rule 8(a)(2) must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id.* While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). As such, "[t]he touchstone of the pleading standard is plausibility." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3)

looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

In deciding a motion to dismiss, the Court should consider the complaint, exhibits attached to the complaint, and matters of public record. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Pension Benefit Guar. Corp.*, 998 F.2d at 1196. The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

    **2.**    **Count I - Breach of Contract.**

Defendant seeks dismissal of Plaintiff's breach of contract claim in Count I of the Complaint on the basis that Plaintiff "fails to state or otherwise identify the damages that plaintiff allegedly suffered." (Doc. 18, 32-33). Defendant's argument is meritless. The Complaint sufficiently sets forth the damages Plaintiff purportedly suffered as a result of Defendant's conduct. (*See* Doc. 1, Ex. 1, *generally*). Count I will not be dismissed. *See, e.g.*, *Hoffman v. State Farm & Cas. Co.*, No. 14-

1978, 2015 WL 268813, at *8-9 (M.D. Pa. Jan. 21, 2015).

### 3. Count III - Negligence.

Defendant moves to dismiss Plaintiff's negligence claim in Count III of the Complaint pursuant to the gist of the action doctrine. (*See* Doc. 18, 18-21). Defendant argues that Count III seeks to recast an ordinary breach of contract claim as a negligence cause of action. (*See id.*). Plaintiff disputes that the negligence claim is barred by the gist of the action doctrine, arguing that the claim is not based solely upon contractual duties assumed by Defendant. (*See* Doc. 9, 16-21).

The gist of the action doctrine "prevents a party from bringing 'a tort claim for what is, in actuality, a claim for breach of contract." *Norfolk S. Ry. Co. v. Pittsburgh & West Virginia R.R.*, - - - F.3d - - -, 2017 WL 3710751, at *9 (3d Cir. Aug. 29, 2017) (quoting *Bruno v. Erie Ins. Co.*, 106 A.3d 48, 68 (Pa. 2014)). To ascertain whether the gist of the action doctrine applies, "a court must identify the duty breached, because 'the nature of the duty alleged to have been breached is the critical determinative factor in determinating whether the claim is truly one in tort, or for breach of contract.'" *Downs v. Andrews*, 639 F. App'x 816, 819 (3d Cir. 2016) (quoting *Bruno*, 106 A.3d at 68). Thus, "'the substance of the allegations comprising a claim in a plaintiff's complaint are of paramount importance, . . .'" *Id.* (quoting *Bruno*, 106 A.3d at 68). As explained by the Pennsylvania Supreme Court:

> If the facts of a particular claim establish that the duty breached is one created by the parties by the terms of their contract - *i.e.*, a specific promise to do something that a party would not ordinarily have been obligated to do but for the existence of the contract - then the claim is to be viewed as one for breach of contract. If, however, the facts establish that the claim involves the defendant's violation of a broader social duty owed to all individuals, which is imposed by the law of torts and, hence, exists regardless of the contract, then it must be regarded as a tort.

*Bruno*, 106 A.3d at 68 (internal citations omitted). Restated, "to determine whether an action is barred by the gist of the action doctrine, [the court] must examine the factual allegations and ask, '[w]hat's the case really about?'" *Downs*, 639 F. App'x at 819 (quoting *Pediatrix Screening, Inc. v. TeleChem Int'l, Inc.*, 602 F.3d 541, 550 (3d Cir. 2010)).

Plaintiff's negligence claim will be dismissed. Considering the allegations in Plaintiff's Complaint, the matter *sub judice* concerns Defendant's alleged failures to fulfill its contractual promises to Plaintiff and not the violation of a broader social duty owed to all individuals. (*See* Doc.

6

1, Ex. 1, generally). More particularly, Plaintiff's allegations of negligence are based on Defendant's "handling of Plaintiff's property damage claim," "denying coverage for Plaintiff's property damage claim," and "breach[ing] . . . the fiduciary duties owed to its insured." (Doc. 1, Ex. 1, ¶¶ 83-85). This claim "is based solely on Defendant's failure to perform reasonably under its contractual obligations set forth in the homeowners' insurance policy." *Smith v. First Liberty Ins. Corp.*, 225 F. Supp. 3d 319, 324-25 (E.D. Pa. 2016). A virtually identical negligence claim to that asserted here has been found by this Court to be barred by the gist of the action doctrine because Plaintiff "does not point to a duty existing outside the contract, *i.e.*, it is not a claim involving 'a broader social duty owed to all individuals, which is imposed by the law of torts and, hence, exists regardless of the contract . . . [and] must be regarded as a tort.'" *Myerski v. First Acceptance Ins. Co.*, No. 16-488, 2016 WL 3227266, at *10 (M.D. Pa. June 13, 2016) (alteration in original) (quoting *Bruno*, 106 A.3d at 68). Accordingly, Defendant's motion to dismiss Plaintiff's negligence claim will be granted. *See*, *e.g.*, *Smith*, 225 F. Supp. 3d at 326; *Myerski*, 2016 WL 3227266, at *10; *Scott v. Foremost Ins. Co.*, No. 15-3257, 2015 WL 5818267, at *3 (E.D. Pa. Sept. 30, 2015).

    **4.    Count IV - Vicarious Liability.**

Plaintiff's vicarious liability claim in Count IV of the Complaint will be dismissed. Here, as the gist of the this action is in contract and not negligence, Defendant's motion to dismiss the vicarious liability claim will be granted. *See Myerski*, 2016 WL 3227266, at *11; *Monck v. Progressive Corp.*, No. 15-2502, 2015 WL 1638574, at *9 (M.D. Pa. Apr. 13, 2015); *Cicon v. State Farm Mut. Auto. Ins. Co.*, No. 14-2187, 2015 WL 926148, at *4-5 (M.D. Pa. Mar. 4, 2015).

**B.    Motion to Strike.**

    **1.    Legal Standard.**

Rule 12(f) of the Federal Rules of Civil Procedure allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Simmons v. Simpson House, Inc.*, 224 F. Supp. 3d 406, 421 (E.D. Pa. 2016) (quotation and citation omitted). "Relief under Rule 12(f) is generally disfavored and will be denied unless the allegations have no possible relation to the controversy and

may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *Id.* (quotation and citation omitted). "Motions to strike are decided on the pleadings alone." *Keller v. Lackawanna Cnty.*, No. 15-2511, 2017 WL 3268154, at *2 (M.D. Pa. Aug. 1, 2017) (quotation and citation omitted).[1]

**2. Allegations of Violations of the Unfair Insurance Practices Act and the Unfair Claims Settlement Practices Regulations.**

Defendant seeks to strike allegations in the Complaint pertaining to Pennsylvania's Unfair Insurance Practices Act, 40 P.S. § 1171.1 *et seq*. ("UIPA"), and the Unfair Claims Settlement Practices Regulations promulgated thereunder, 31 Pa. Code. § 146.1 *et seq*. (UCSP"). Defendant argues that these allegations should be stricken from the Complaint because the Third Circuit and the district courts therein have rejected attempts by plaintiffs to support bad faith claims with alleged violations of the UIPA. (*See* Doc. 18, 6-11; Doc. 15, 1-4).

"A violation of the UIPA or UCSP is not a *per se* violation of the bad faith standard . . . ." *Dinner v. United Servs. Auto Ass'n Cas. Ins. Co.*, 29 F. App'x 823, 827 (3d Cir. 2002). "[T]he United States Court of Appeals for the Third Circuit and this Court have held that alleged violations of the Unfair Insurance Practices Act do not, in and of themselves, constitute bad faith . . . ." *Stricker v. State Farm Mut. Auto. Ins. Co.*, No. 12-565, 2012 WL 2153977, at *2 n.2 (M.D. Pa. June 13, 2012) (citing *Leach v. Northwestern Mut. Ins. Co.*, 262 F. App'x 455, 459 (3d Cir. 2008); *UPMC Health Sys. v. Metro. Life Ins. Co.*, 391 F.3d 497, 505–06 (3d Cir. 2004); *Dinner*, 29 F. App'x at 827; *Oehlmann v. Metro. Life Ins. Co.*, 644 F. Supp. 2d 521, 531 (M.D. Pa. 2007)). Here, though, as Plaintiff's bad faith claim does not rest solely on alleged UIPA or UCSP violations, (*see* Doc. 1, Ex. 1, *generally*), the allegations of such violations may remain in the Complaint. *See*, *e.g.*, *Moore v. State Farm Fire & Cas. Co.*, No. 14-3113, 2015 WL 463943, at *1-2 (E.D. Pa. Feb. 4, 2015) (denying motion to strike allegation of UIPA violation as evidence of bad faith and stating that it would "not conclude at this juncture, that evidence regarding conduct that allegedly violated the UIPA 'ha[s] no

---

[1] Defendant's motion to strike the reference to the "underinsured motorist claim" in Paragraph 79 of the Complaint will be granted as unopposed. (*See* Doc. 9, 15 n.1).

possible relation to the controversy' or evaluate the extent to which it 'may cause prejudice to one of the parties.'"); *Militello v. Allstate Prop. & Cas. Ins. Co.*, No. 14-240, 2014 WL 2892386, at *4 (M.D. Pa. June 26, 2014) (declining to strike allegations of UIPA violations from the complaint); *Alberty v. Nationwide Mut. Ins. Co.*, No. 05-1319, 2006 WL 2601324, at *2 (W.D. Pa. Sept. 11, 2006); *accord Hess v. Nationwide Life Ins. Co.*, No. 15-692, 2015 WL 5472897, at *5 n.5 (W.D. Pa. Sept. 17, 2015) (denying motion to dismiss bad faith claim and noting that the plaintiff did not "rest her bad faith claim solely on UIPA violations.").

3. **Allegations of Statutory Violations of the Unfair Trade Practices and Consumer Protection Law.**

Defendant next seeks to strike the allegations in the Complaint referencing purported violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq*. ("UTPCPL"), because such claims are barred by the economic loss doctrine. (*See* Doc. 16, 11-14). Plaintiff contends in opposition that the economic loss doctrine does not bar statutory claims under the UTPCPL pursuant to the Pennsylvania Superior Court's decision in *Knight v. Springfield Hyundai*, 81 A.3d 940, 952 (Pa. Super. Ct. 2013). (*See* Doc. 9, 10-13).

The allegations pertaining to alleged violations of the UTPCPL will be struck from the Complaint. The economic loss doctrine "prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract." *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 671 (3d Cir. 2002) (quoting *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 618 (3d Cir. 1995)). While the Pennsylvania Supreme Court has not yet ruled on whether the economic loss doctrine bars UTPCPL claims, the Third Circuit in *Werwinski* predicted that the Pennsylvania Supreme Court would hold the UTPCPL claims are barred by the economic loss doctrine. *See id*. at 681. Although the Pennsylvania Superior Court has since held that UTPCPL claims are not subject to the economic loss doctrine, *see Knight*, 81 A.3d at 952, I have previously concluded that I am bound by the prediction in *Werwinski* unless the Third Circuit or the Pennsylvania Supreme Court rules otherwise. *See Sayles v. Allstate Ins. Co.*, No. 16-1534, --- F.3d ---, 2017 WL 1928408, at *13 n.14 (M.D. Pa. May 10, 2017). As such, because Plaintiff's claims arise solely from the property damage claim she made pursuant to the Policy, the alleged UTPCPL violations are barred by the

economic loss doctrine. *See, e.g., Pesotine v. Liberty Mut. Grp., Inc.*, No. 14-784, 2014 WL 4215535, at *4 (M.D. Pa. Aug. 25, 2014).

### 4. Allegation of Breach of the Implied Covenant of Good Faith and Fair Dealing.

In the breach of contract claim set forth in Count I of the Complaint, Plaintiff alleges, *inter alia*, that Defendant's conduct breached the implied covenant of good faith and fair dealing. (*See* Doc. 1, Ex. 1, ¶ 73). Defendant argues that this allegation should be struck because Pennsylvania law does not recognize a separate breach of the contractual duty of good faith and fair dealing where said claim is subsumed by a separately pled breach of contract claim. (*See* Doc. 18, 15–16). Here, though, as Plaintiff has not pled a separate breach of contract claim, Paragraph 73 may properly remain in the Complaint.

### 5. Request for Compensatory/Consequential Damages under the Statutory Bad Faith Claim.

Defendant next seeks to strike the request for compensatory/consequential damages as part of Plaintiff's statutory bad faith claim under 42 Pa. C.S.A. § 8371. (*See* Doc. 18, 17-18). "Because compensatory damages are not available under that section," the motion to strike the reference to "such other compensatory and/or consequential damages allowed by law" in Paragraph 81 of the Complaint will be granted. *Koepke v. Allstate Vehicle & Prop. Ins. Co.*, No. 16-4633, 2016 WL 6838429, at *1-3 (E.D. Pa. Nov. 21, 2016) ("in order for Plaintiff to pursue compensatory damages, he must do so on the basis of his breach of contract claim"); *see also Tippett v. Ameriprise Ins. Co.*, No. 14-4710, 2015 WL 1345442, at *7 (E.D. Pa. Mar. 25, 2015); *Ferguson v. Kemper*, No. 12-1993, 2013 WL 594022, at *7 (M.D. Pa. Feb. 15, 2013); *Getz v. State Farm Ins. Co.*, No. 12-82, 2012 WL 5288795, at *2 (W.D. Pa. Oct. 24, 2012).

### 6. Averments of Emotional Distress Damages.

Paragraph 70 of the Complaint avers that Plaintiff suffered "physical discomfort, emotional discomfort and humiliation" as a result of Defendant's handling of her claim. (Doc. 1, Ex. 1, ¶ 70). Defendant argues that this averment should be struck from the Complaint because such damages are not recoverable in either a contract or statutory bad faith action. (*See* Doc. 18, 24-27). Plaintiff in opposition contends that it would be premature to strike the request for emotional distress damages

because such damages may be recovered in a breach of contract action where the breach is of such "a kind that serious emotional disturbance was a particular likely result." (Doc. 9, 25-26 (quoting *D'Ambrosio v. Pa. Nat'l Mut. Cas. Ins. Co.*, 431 A.2d 966, 970 (Pa. 1981)).

The reference to emotional/physical discomfort and humiliation in Paragraph 70 of the Complaint will be struck. With respect to Plaintiff's bad faith claim, emotional distress damages are not recoverable. *See*, *e.g.*, *Watson v. Nationwide Mut. Ins. Co.*, No. 11-1762, 2011 WL 4894073, at *3 (E.D. Pa. Oct. 12, 2011); *Hrobuchak v. Nationwide Prop. & Cas. Ins. Co.*, No. 03-0591, 2004 WL 3333124, at *5 (M.D. Pa. Sept. 24, 2004); *Krisa v. The Equitable Life Assurance Society*, 109 F. Supp. 2d 316, 323 (M.D. Pa. 2000). Further, a plaintiff "may not ordinarily recover emotional distress damages arising from a breach of contract." *Krisa*, 109 F. Supp. 2d at 323 (quotation and citation omitted). Nonetheless, "emotional distress damages may be recoverable on a contract where the breach is of such a kind that serious emotional disturbance was a particular likely result." *Novick v. UnumProvident Corp.*, No. 01-0258, 2001 WL 793277, at *1 (E.D. Pa. July 10, 2001) (quotations, citations, and alterations omitted); *Hersh v. CitiMortgage, Inc.*, 16 F. Supp. 3d 566, 575 (W.D. Pa. 2014); *Saldi v. Paul Revere Life*, No. 99-6563, 2006 WL 140585, at *3 (E.D. Pa. Jan 13, 2006) (exceptions to the general rule are "(1) where the breach caused bodily harm; and (2) when the contract or breach is such that serious emotional disturbance was a particularly likely result."). These narrow exceptions are not implicated by the allegations in the Complaint. (*See* Doc. 1, Ex. 1, *generally*). The allegations of emotional and physical discomfort and humiliation will be struck from the Complaint. *See*, *e.g.*, *Hersh*, 16 F. Supp. 3d at 576 (striking allegations of emotional distress from breach of contract claim); *Novick*, 2001 WL 793277, at *1; *Krisa*, 109 F. Supp. 2d at 323.

### 7. Averments of Lost Property Sale Proceeds.

Next, Defendant contends that Plaintiff's request for consequential damages for her breach of contract claim pertaining to lost proceeds from the sale of her house should be struck from the Complaint because such damages were not reasonably foreseeable at the time of contracting. (*See* Doc. 18, 27-29). These averments will not be struck from the Complaint. Consequential damages are a recognized remedy for a breach of contract. *Crestwood Membranes, Inc. v. Constant Servs., Inc.*, No. 15-537, 2016 WL 659105, at *6 (M.D. Pa. Feb. 17, 2016). As such, it would be premature

to determine at this stage of the proceedings whether Plaintiff is able to recover such damages based on the facts of this case. *See id.*; *see also Fields v. Gerber Life Ins. Co.*, No. 14-727, 2014 WL 4348171, at *4 (W.D. Pa. Sept. 2, 2014).

### 8. Averment of Fraud.

Lastly, Defendant seeks to strike the statement in Paragraph 68(g) of the Complaint that Defendant "assert[ed] defenses and offer[ed] evidence which may be false and fraudulent." (Doc. 1, Ex. 1, ¶ 68(g)). Because the Complaint does not assert a claim for fraud and otherwise does not plead fraudulent conduct with particularly, Defendant contends that this statement should be stricken from the Complaint. (*See* Doc. 18, 29-32). Plaintiff, in contrast, maintains that the allegation of fraud supports Plaintiff's bad faith and breach of contract claims, and, further, that the Complaint sufficiently details Defendant's fraudulent behavior. (*See* Doc. 9, 27-28).

The allegation of fraud will not be dismissed. "A fair reading of Plaintiff's Complaint makes clear that no separate cause of action for fraud has been alleged." *Porter v. Safeco Ins. Co. of Ill.*, No. 15-759, 2016 WL 556706, at *8 (M.D. Pa. Feb. 9, 2016). Paragraph 68(g) is properly pled in support of Plaintiff's surviving claims. *See id.*

### IV. Conclusion

For the above stated reasons, Defendant's Motion to Dismiss and/or Strike will be granted in part and denied in part. Plaintiff's claims for negligence and vicarious liability, Counts III and IV of the Complaint, respectively, will be dismissed. Plaintiff's allegations in Paragraph 68(aaa), (bbb), (ccc), (ddd), (eee), and (fff); Paragraph 70's reference to "physical discomfort, emotional discomfort and humiliation"; Paragraph 79's reference to "underinsured motorist claim"; and Paragraph 81's reference to "compensatory and/or consequential damages" will be struck from the Complaint. Defendant's Motion to Dismiss and/or Strike will be denied in all other respects.

An appropriate order follows.

September 19, 2017            /s/ A. Richard Caputo
Date            A. Richard Caputo
           United States District Judge